**Opinion filed October 30, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00268-CR

_____

**LONARD KEITH KILDOW, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 42nd District Court**
**Coleman County, Texas**
**Trial Court Cause No. CR24-01057**

## M E M O R A N D U M   O P I N I O N

Appellant's trial counsel filed an untimely notice of appeal from the trial court's judgment of conviction. Once appointed, appellate counsel filed a motion for extension of time to file the notice of appeal; however, the motion was filed outside of the fifteen-day timeframe allowed for such motions. *See* TEX. R. APP. P. 26.3. We dismiss the appeal for want of jurisdiction.

According to the documents on file in this court, Appellant was convicted by a jury of aggravated assault with a deadly weapon, a second-degree felony, which was enhanced by at least one prior felony conviction. *See* TEX. PENAL CODE ANN. § 12.42 (West 2019), § 22.02(a)(2), (b) (West Supp. 2024). The jury assessed his punishment at sixty years of imprisonment in the Institutional Division of the Texas Department of Criminal Justice. The trial court imposed Appellant's sentence on June 4, 2025.

Appellant's trial counsel timely filed a motion for new trial, which operated to extend the time for Appellant to file a notice of appeal to September 2, ninety days from the date he was sentenced in open court. *See* TEX. R. APP. P. 26.2(a)(2). However, Appellant's trial counsel did not file a notice of appeal until September 19. Appellant's trial counsel contemporaneously filed a motion to withdraw with the notice of appeal.

When this appeal was docketed, we notified Appellant by letter that his notice of appeal appeared to be untimely filed and that the appeal was subject to dismissal. *See id.* On October 9, the trial court appointed appellate counsel, who promptly filed a motion for extension of time to file the notice of appeal after she learned that the notice of appeal was untimely filed. In the motion, appellate counsel stated that the late filing by Appellant's trial counsel was unintentional and that "it is of no fault of the Appellant that his appeal was not timely filed."

When, as here, the defendant timely files a motion for new trial, his or her notice of appeal must be filed within ninety days after the date that sentence is imposed in open court. TEX. R. APP. P. 26.2(a)(2). We may grant a motion to extend the time to file if, within fifteen days after the deadline, the defendant files the notice of appeal and a motion for extension of time to file the notice that complies with Rule 10.5(b). TEX. R. APP. P. 10.5(b), 26.3. Neither of the requirements of Rule 26.3 have been met. Although Appellant's counsel explains the reasons for the

untimeliness of the filings, we nevertheless lack authority to extend the time for perfecting the appeal. Therefore, we have no discretion in this matter, and we must dismiss this appeal. *Hernandez v. State*, No. PD-0836-24, 2025 WL 2713312, at *1, *3 (Tex. Crim. App. Sept. 24, 2025); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). We note that Appellant may be able to secure an out-of-time appeal by filing a postconviction writ of habeas corpus with the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2024); *Ater v. Eighth Ct. of Appeals*, 802 S.W. 2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding).

Accordingly, we dismiss this appeal for want of jurisdiction, and we dismiss Appellant's motion for extension of time to file the notice of appeal as moot. *See Hernandez*, 2025 WL 2713312, at *3 (court of appeals had "no jurisdiction to do anything except dismiss the appeal").


JOHN M. BAILEY
CHIEF JUSTICE


October 30, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.